

2011 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-20-2011

# In Re: Ossie Trader

Precedential or Non-Precedential: Non-Precedential

Docket No. 11-1026

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2011

Recommended Citation

"In Re: Ossie Trader " (2011). *2011 Decisions*. Paper 1939.
http://digitalcommons.law.villanova.edu/thirdcircuit_2011/1939

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2011 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-089                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1026
_____

IN RE:  OSSIE R. TRADER,
                                                                      Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. Crim. No. 94-cr-00534-002)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 13, 2011

Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: January 20, 2011)
_____

OPINION
_____

PER CURIAM

Ossie Trader has filed a petition for a writ of mandamus.  He seeks an order

directing the District Court to remove the docket entry terminating his motion to dismiss

the indictment based on the Speedy Trial Act.  We have repeatedly explained to Trader

that he waived his speedy trial claim by pleading guilty.  See In re: Trader, C.A. No. 09-

1522.  If Trader continues to file frivolous pleadings or appeals, he will face sanctions.

See In re Oliver, 682 F.2d 443 (3d Cir. 1982).

For the above reasons, we will deny the petition for mandamus.